## Edgar Hoecker v. The State.

### No. 3958.  Decided February 16, 1916.

**1.—Assault to Murder—Aggravated Assault—Theory of Defense—Charge of Court.**

Where, upon trial of assault with intent to murder and a conviction of aggravated assault, the court failed to submit in his charge the different theories of defense which the evidence raised, the same was reversible error.

**2.—Same—Defense of Another—Charge of Court.**

Where, upon trial of assault with intent to murder and a conviction of aggravated assault, the evidence raised the issue of defense of another upon which requested charges were submitted and refused, the same was reversible error.

**3.—Same—Principals—Charge of Court.**

Where the court in his charge on principals failed to instruct the jury that if an offense was committed by another and the defendant did not know the unlawful intent of the other and did not aid nor encourage, he would not be a principal, and the evidence raised this issue and a charge was requested thereon and refused, the same was reversible error.

Appeal from the District Court of Bexar.  Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of aggravated assault; penalty, a fine of $350.

The opinion states the case.

*Chambers & Watson,* for appellant.—On question of failure to submit requested charges:  Grant v. State, 65 Texas Crim. Rep., 266, 143 S. W. Rep., 929; Calliham v. State, 67 Texas Crim. Rep., 658, 150 S. W. Rep., 617; Christian v. State, 71 Texas Crim. Rep., 566, 161 S. W. Rep., 101.

On question of charge on principals:  Jackson v. State, 20 Texas Crim. App., 190.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Under an indictment charging assault with intent to murder, appellant was allotted a fine of $350 by the verdict of the jury under a conviction of aggravated assault and battery.

The confusion brought about by the facts incidental to and a part of this transaction leaves the case with several issues.  The court submitted to the jury assault to murder and aggravated assault, and also gave a charge on principals.  The State's case justified the charge given by the court, so far as the issues are concerned.

Briefly stated, it was shown by the prosecution that Ackerman, the assaulted party, and Semlinger had a short conversation in regard to the fact that Ackerman had accused Semlinger of whistling at his, Ackerman's, sisters at a dance two weeks prior to the occasion of this trouble.  Upon the invitation of Semlinger, Ackerman went outside

of the house where the social function was in progress into the yard,
and it seems undertook to engage in a personal difficulty there, but for
some reason they went out farther into the road and engaged in a
personal combat. Ackerman knocked Semlinger down and gave some
evidence of the fact that he intended to inflict further injury upon
Semlinger, who was lying on his back on account of the blow from
Ackerman. This was a fist fight. At this stage of the proceeding
several parties, including defendant, interfered. The fight stopped,
and Ackerman, when it was all over, had been cut with a knife or
razor or some instrument by some one of the parties. Ackerman tes-
tifies that defendant cut him, and that one of the others kicked him
in the stomach, and two of them got him by the head and bumped his
head against the ground. The theory of the State further was that
these parties being friends of Semlinger, they went into it of their own
volition and engaged in the fight; and upon this theory the court
submitted the law of principals, on the theory that possibly these parties
acted together in the trouble which resulted in the cutting or stabbing
of Ackerman. The court's charge upon aggravated assault and
assault to murder—and we are dealing now with aggravated assault,
because that is the offense of which appellant was convicted—the court
limited the law of self-defense to that of an attack upon matters pro-
ducing reasonable expectation or fear of death or serious bodily harm.
There was no theory in this case, as we understand it, that the injured
party had made any attack on defendant. The attack he made was in
knocking Semlinger down, and if appellant was connected with the
difficulty in any way, it was by reason of the fact that he attacked
Ackerman because of that and that he was in the conspiracy with
Semlinger to bring on the difficulty. That was the State's theory, and,
of course, the court should have submitted the State's theory, but the
jury should have been told in submitting the defense of assault to
murder and aggravated assault, in its limitation as to self-defense, that
he had a right to defend not only himself but to defend the other man
under the law of self-defense, if that question was raised. Appellant
had not been attacked by Ackerman but Semlinger had been, and one
of the theories was that defendant came to the rescue of Semlinger
and not himself. The charge in this respect was wrong, and an excep-
tion was reserved to it. Counter charges were asked on other questions,
which were refused after exception had been reserved. Among other
things, the court's charge is criticised under proper exception that it
failed to charge affirmatively the defense of the defendant in that he
interfered solely for the purpose of separating Ernest Ackerman and
Paul Semlinger, and failed to tell the jury that in such event the
defendant would be guilty of no offense, and because the court in his
charge on principals failed to tell the jury that if an offense was com-
mitted by another and defendant did not know the unlawful intent of
the other, and did not aid or encourage, he would not be a principal.
We think this exception to the charge was well taken under the facts,
and without repeating the charge in full as asked by the defendant,

which was refused, it embodied this idea, that although the jury should believe from the evidence that Ackerman was assaulted by some one at the time and place alleged in the indictment and that the defendant made or assisted another or others in making such assault, in passing upon his guilt or innocence it must be viewed from his standpoint alone, and his culpability must be measured by the intent with which he acted and not from or by the intent of any other person unless he knew of such intent on the part of the other person and acquiesced therein and acted upon it. He further asked the charge, which was refused, that any person other than the party about to be injured, may by the use of necessary means prevent the commission of the offense and may use the same force and resort to the same means in repelling the aggression and preventing the injury as the person about to be injured; and he further asked the court to instruct the jury if they should find from the evidence that at the time Ackerman was cut and injured he was then attacking or about to attack or injure Paul Semlinger and the defendant interfered to prevent such attack or injury, he would have the right under the law to use all the force necessary to prevent such injury or attack, and if they should so find from the evidence or have a reasonable doubt thereof, the defendant should be acquitted. These charges, we think, under the facts introduced, should have been given. The State's theory, of course, was given, and ought to have been given, to the effect that if the defendant and Semlinger acting together brought about this difficulty, or he was aiding Semlinger in bringing on the difficulty which resulted in the cutting or stabbing of Ackerman, he would be guilty as a principal, but if he interfered as a peacemaker to prevent further fighting, he should be acquitted; or if he came upon the scene and as he viewed it at the time Ackerman had knocked Semlinger down and was in the act of jumping on him and beating him, and he acted for the purpose of relieving the situation, Ackerman, being a much larger man than Semlinger, he was entitled under the law to use all necessary force to prevent the injury to Semlinger the same as if Ackerman had attacked the defendant. These matters were raised by the evidence pertinently, and should have been given in charge to the jury.

For these reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*